By the Court, Garvin, J.
There is no dispute about the facts in this case. The carcases of the hogs in question were taken and carried beyond the city limits by order of an officer of the city inspector’s department. The defendant justifies the taking, under the seventh section of the ordinance of 1859, which is, “ He shall cause all dead animals, and every putrid, offensive, unsound or unwholesome substances found in any street or other place in the city, to be forthwith removed and disposed of by removals beyond the limits of the city, or otherwise, so as most effectually to secure the public health.” This ordinance has reference to the city inspector, and is his authority-in the action taken in regard to the property in question. If the mayor, aldermen and commonalty of the city of New York had the power to make and pass this ordinance, it is difficult to see any reason why the city inspector should not carry it into effect. The power to make exactly such an ordinance is found in section 2, Laws of 1850, page 608. The language is : “The mayor, aldermen and commonalty of the city of New York shall have full power and authority to make and pass all such by-laws and ordinances as they shall, from time to time, deem necessary and proper for the preservation of the public health of said city ; and also for the abatement and removal of all and every nuisance in said city, and for compelling the proprietors or owners of the lot or lots, upon which the same may be, to abate and remove the same.” All legislative powers heretofore vested by any existing law of this state in the board of health of the city of New York, are now vested in the mayor and common council of the city. (Laws of 1850, § 1, p. 597.)
This ordinance was deemed necessary and proper by the *92 mayor, aldermen and commonalty, for the preservation of the public health, and they have discharged a high and important obligation by making and passing it. The city inspector has power, by laws of the state and ordinances of the common council, to appoint, with the consent of the board of aldermen, health wardens and other officers, as the common council or the board of health shall direct, to carry into effect the rules and regulations of the board of health, and the laws and ordinances of the common council of said city, &c. relating to the public health. (Laws of 1850, sub. 1, § 1, article. 1, title 3, p. 607.) It is thus shown: 1. That the power to pass the ordinance in question is clearly derived from the statute. 2. That the ordinance itself, in express terms, authorized and required the city inspector to remove the property from the city limits. 3. That the order was given by the proper officer of the city inspector’s department, who was, and is authorized to give effect to the ordinance under consideration. It was seen that it would be necessary, in order to give effect to' the regulations and ordinances of the board of health and the common council, that there should be health wardens and other officers appointed by the city inspector, In this view of the law, and the undisputed facts, a case was presented for the exercise of the judgment and discretion of the city inspector, within the terms of the ordinances, and obnoxious to the mischiefs it was intended to prevent, It was for him to act; he was bound to do so ; it was a duty imposed by law, and imperative, and in its nature judicial, and he is no more liable to a civil action for an error of judgment, than would be jurors, judges, or any other officer performing judicial duties, while acting within his jurisdiction with power to determine. It is well settled that a public officer is not responsible in a civil suit for a judicial determination in a matter over which he had jurisdiction, however erroneous it may be, or however malicious the motive which produced it. (Weaver v. Devendorf and others, 3 Denio, 117, and cases there cited.) If the officer is corrupt he may be punished criminally, but a civil suit cannot be maintained for what he does in the performance of a *93 judicial duty. If this action had been brought against the city inspector, under the same proofs against him, it would have been the .duty of the court to have directed a verdict for the defendant, or .dismissed the complaint.. The defendant, having acted under the orders of . the proper officer, stands in the same position as the city inspector, and is, therefore, not liable in this action.
In this great city, it would be impossible for one person to perform, individually, all the duties pertaining to the office of city inspector; hence the necessity of subordinates in various sections of the town, to perform the duty, and carry into effect the regulations of the board of health, and the ordinances of the common council. The property enumerated in the ordinance is to be removed forthwith, beyond the/limits of the city, and disposed of by removal.” The ordinances provide that this shall be done by the offal contractor, who is the defendant in this case. The declared object and design of this ordinance is “ to secure the public health.” It is very easy to see how important and wise a regulation this is, for the well being of every citizen. While the powers conferred by it should not be improperly exercised, nor enlarged, courts of justice should be careful to see that they are not so abridged and impaired as to prevent securing the end designed to be accomplished by its enactment.
The purpose of this ordinance was to prevent as well as abate all and every nuisance which might affect the atmosphere of the town, or the good or health of the citizen, and secures to the city clean streets, pure air and wholesome food. We think' the defendant was justified in removing the property from the city, and that the judgment should be reversed, and a new trial ordered, with costs to abide the event.
Monell, J. concurred.